IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **HYUNDAI MOTOR AMERICA** § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> **CLEAR WITH COMPUTERS, LLC** § <br> Defendant. § | CASE NO. 6:08 CV 302 |

**MEMORANDUM OPINION AND ORDER ON
CROSS MOTIONS FOR PROTECTIVE ORDER**

Before the Court are the parties' cross motions for protective order (Docket Nos. 39, 46). After considering the parties' written submissions, the Court **DENIES** Clear With Computers, LLC's ("CWC") motion (Docket No. 39) and **GRANTS** Hyundai Motor America's ("Hyundai") motion (Docket No. 46).

**BACKGROUND**

This suit arises out of prior litigation. In 6:05cv322, Orion (now known as CWC) sued Hyundai and others for infringement of U.S. Patent Nos. 5,367,627 and 5,615,342 (the "Orion litigation"). The case went to trial, and the jury found Hyundai did not infringe the '342 patent, Hyundai did infringe the '627 patent, and the '627 patent was not invalid. Hyundai brought this suit seeking a declaratory judgment that its redesigned websites do not infringe the '627 patent. CWC counterclaimed that Hyundai's redesigned websites infringe the '627 and '342 patents and infringe U.S. Patent No. 5,493,490, which was not asserted in the Orion litigation.

Erich Spangenberg owns and controls a number of patent holding entities including CWC (formerly Orion). These entities are in the business of holding intellectual property for litigation and

pre-litigation activities. Attorney David Pridham represents these entities. Pridham represented Orion in the Orion litigation, and he continues to represent CWC in this litigation. During the Orion litigation, Pridham had access to Hyundai's Attorneys' Eyes Only ("AEO") documents.

In another case involving another Spangenberg entity, ST Sales Tech Holdings, LCC, that had sued Hyundia (and others), the defendants moved to prevent Pridham from viewing their AEO documents. *See ST Sales Tech Holdings, LLC v. Diamler Chrysler Co.*, 6:07cv346-LED-JDL, 2008 WL 5634214 (E.D. Tex. March 14, 2008) (Love, Mag. J.). Judge Love analyzed Pridham's relationship with Spangenberg and Spangenberg's entities and determined that

> In looking at the totality of the facts surrounding Pridham's role in Spangenberg's businesses, from patent acquisition to active involvement in litigation and licensing, all of the concerns prior courts have found critical in denying certain attorneys access to confidential information are present. The Court founds that Pridham is a competitive decision maker, and that his close relationship with Spangenberg presents a high risk for inadvertent disclosure that bears great potential to significantly harm Defendants through continued litigation.

*Id.* at *7. In weighing the risk of disclosure against the potential harm to Plaintiff if Pridham was screened from seeing AEO documents, the Court decided that

> Pridham's relationship with Spangenberg and his role in Spangenberg's business enterprise presents an unacceptable risk of inadvertent disclosure that could significantly harm Defendants. While the Court notes that Plaintiff will be harmed by having one of its counsel screened from accessing certain information in the case, that harm is minor compared to the risk of continued harm to Defendants since Sales Tech has other highly competent attorneys that have been involved since the beginning of the case.

*Id.* at *8.

Both CWC and Hyundai now move for entry of a Protective Order in this case. The parties' proposed Protective Orders raise three main disputes: (1) whether Pridham may view Hyundai's confidential or AEO documents, (2) whether "others similarly situated" to Pridham may view the

AEO documents, and (3) whether there should be a two year ban on those who see AEO documents from participating, advising, or assisting in the acquisition of patent rights and asserting infringement claims related to the producing party's technical information against the producing party.  In arguing that Pridham should be screened from AEO documents, Hyundai heavily relies on *ST Sales Tech*.  CWC does not contend Pridham's relationship to Spangenberg and Spangenberg's business has changed since *ST Sales Tech*, but distinguishes that case because ST Sales Tech had "other highly competent attorneys that have been involved since the beginning of the case," whereas here, Pridham is the only attorney representing CWC that also represented Orion in the Orion litigation.

### APPLICABLE LAW

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c).  "As a general proposition, a district court can exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).  Access to discovery can be denied to competitive

decision makers who may inadvertently use the material for inappropriate purposes. *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (1984); *ST Sales Tech*, 2008 WL 5634214. Courts weigh the risk of inadvertent or accidental disclosure of the confidential information against the receiving party's need for the material to prosecute or defend its claims. *ST Sales Tech*, 2008 WL 5634214 at *3; *see also U.S. Steel*, 730 F.2d at 1468. Courts consider the factual circumstances relating the receiving person's activities, association, and relationship with the receiving party, whether the person receiving the confidential information is involved in competitive decision making or scientific research, the risk of inadvertent disclosure, the hardship imposed by the restriction, the timing, and the scope of the relief sought. *ST Sales Tech*, 2008 WL 5634214 at *3–*4 (citing *Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784 at *2 (S.D.N.Y. 2007)).

## ANALYSIS

**Pridham's access to Attorneys' Eyes Only documents**

CWC argues Pridham is not a competitive decision maker because CWC and Hyundai are not competitors. Judge Love rejected this argument in *ST Sales Tech*. *ST Sales Tech*, 2008 WL 5634214 at *3–7. CWC does not contend that Pridham's relationship to Spangenberg or Spangenberg's entities has changed such that this Court's analysis should change.

Similar to the situation in *ST Sales Tech*, CWC and Hyundai are competitors. *See id.* at *6. CWC and Hyundai both "seek to utilize, in one manner or another, intellectual property as part of a business model for pecuniary gain." *See id.* "Spangenberg's entire business model with his patent-holding companies . . . revolves around the acquisition, enforcement (through litigation), and licensing of patents." *Id.* at *5. As general counsel and outside counsel to Spangenberg's entities, Pridham is extensively involved in Spangenberg's business dealings. Pridham counsels Spangenberg

and Spangenberg's entities on litigation, licensing (through litigation), and patent acquisition. *See id.* at *4.

As such, if Pridham is allowed to see Hyundai's confidential documents, Hyundai is at a considerable risk that its confidential information may be inadvertently used against it in other litigation. Once Pridham has knowledge of how Hyundai's systems work, he cannot compartmentalize that knowledge when later advising Spangenberg on whether particular patents should be acquired or asserted against Hyundai. As this suit is the fourth time a Spangenberg entity has asserted infringement claims against Hyundai, it is clear that Spangenberg is willing to bring repeated suits against the same defendants.

That Pridham has already seen some of Hyundai's confidential documents in the Orion litigation does not weigh in favor of allowing Pridham to see Hyundai's confidential documents now. Hyundai contends that it has changed its systems such that they no longer infringe. Additionally, CWC has asserted a new patent in this suit that was not at issue in the Orion litigation. Thus, the Court expects that new documents and new information will be exchanged in this suit.

Hyundai's risk of inadvertent disclosure of it confidential documents must be balanced against the potential prejudice to CWC. CWC will be prejudiced by having one of its attorneys screened from AEO documents. Further, Pridham is the only attorney from the Orion litigation still representing CWC. Thus, CWC will face some prejudice by the exclusion.

Hyundai's risk of harm if its confidential documents are inadvertently used against it outweighs CWC's prejudice if Pridham is excluded. Hyundai has already faced other litigation by Spangenberg's other entities. Hyundai's harm would be great if Hyundai's confidential information were used against Hyundai in other litigation. Given the history of litigation between Spangenberg's

entities and Hyundai, this risk is not insignificant. This risk is greater than CWC's prejudice. The other highly competent members of CWC's legal team will have ample opportunity to prepare for this litigation. CWC argues that Hyundai purposefully waited to move to exclude Pridham only after CWC had changed its representation such that Pridham is the only team member left from the Orion litigation. However, it was CWC's choice to change its representation, and the disadvantage—if any—this places on CWC does not outweigh the risk to Hyundai.

**"Others similarly situated" access to Attorneys' Eyes Only documents**

In addition to excluding Pridham from viewing AEO documents, Hyundai seeks to exclude "others similarly situated" as well. CWC argues this exclusion is vague and improper.

It would be nonsensical to exclude Pridham from AEO documents only to let Spangenberg fill Pridham's role with someone else, placing Hyundai at the same risk of inadvertent misuse of its confidential documents. Accordingly, the Court will exclude "others similarly situated" as Pridham from viewing AEO documents. Thus, this exclusion applies to those who counsel Spangenberg or any of his entities on patent acquisition and asserting patents through litigation. If the parties are unclear whether this exclusion applies to a particular individual, they may seek clarification from the Court.

**Two-year ban**

Hyundai's proposed Protective Order includes a two year ban on those who see AEO documents from participating, advising, or assisting in the acquisition of patent rights and asserting infringement claims related to the producing party's technical information against the producing party.

The Court grants this relief as well with the condition that it only apply to counsel who views

the AEO documents. Denying this relief would allow Spangenberg to designate an attorney to view Hyundai's AEO documents who does not—at this time—counsel Spangenberg or his entities on patent acquisition or assertion, only to elevate that attorney to such status once this litigation is over. Such an end-run around the terms of the protective order and Court's serious concerns about the risk of inadvertent misuse of Hyundai's confidential materials should not be permitted.

## CONCLUSION

The Court **DENIES** CWC motion and **GRANTS** Hyundai's motion for protective order. Accordingly, the Court will enter Hyundai's proposed protective order.

**So ORDERED and SIGNED this 11th day of May, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**