IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation, | § § § | |
| *Plaintiff/Counterdefendant*, | § § | CIVIL ACTION NO. 6:08-cv-302-LED |
| v. | § § | JURY DEMANDED |
| CLEAR WITH COMPUTERS, LLC A Texas Limited Liability Corporation, f/k/a ORION IP, LLC, | § § § § | |
| *Defendant/Counterplaintiff* | § | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purpose of this litigation; or (1) Civil Actions currently pending in the Eastern District of Texas involving the '627 or '342 patents in suit, or (2) Civil Actions hereinafter pending in the Eastern District of Texas involving only both the '627 and '342 patents in suit ("Related Lawsuits") in which a protective order governing the confidentiality of designated documents and testimony and discovery order has been entered.

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information may presently be without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Confidential Information, including documents, deposition testimony or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in this litigation (or by any third party or nonparty) are referred to as "Protected Matters." Except as otherwise indicated below, all documents, deposition testimony or discovery responses designated by a producing party as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only") and which are disclosed or produced to the attorneys for a party to this

litigation or to a party to one or more of the Related Lawsuits are Protected Matters and are entitled to confidential treatment as described below.

2. Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith must be held confidential to protect business or commercial interest. Protected Matters designated as "For Counsel Only" (or "Attorney's Eyes Only") shall be limited to material that the designating party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interest of the designating party.

3. Protected Matters shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

4. Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, may be designated by any party (or by the third party disclosing any such Confidential information) as "Confidential" or "For Counsel Only" ("or Attorney's Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") and is subject to the provisions of this Order. Any party (or third party having disclosed such Confidential Information) may also designate information

3

disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorney's Eyes Only") for a period of fifteen (15) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript.

5. At any time after the delivery of Protected Matters, counsel for the party or parties receiving the Protected Matters may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Matters. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute. Upon the filing of such a motion by the receiving party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment. All Protected Matters are entitled to confidential treatment pursuant to the terms of this Order

until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6. Confidential Treatment. Protected Matters and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

7. Protected Matters and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

   a. Counsel of record in this litigation or a Related Lawsuit for the party or parties receiving Protected Matters;

   b. House counsel for the party or parties receiving Protected Matters, or house counsel for the affiliates, including parent corporations and subsidiaries, of such receiving parties;

   c. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this actions;

   d. The Court;

   e. Actual or potential independent experts or consultants (including translators) who have signed a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) and whose identity, as well as all present and prior relations or affiliations, is provided to the party whose Protected Matters are to be disclosed for purposes of their making a reasonable objection prior to any disclosure of Protected Matters; and

   f. One party representative who shall be designated in writing by the party prior to any disclosure of Protected Matters to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order (at Exhibit A hereto) prior to any disclosure of Protected Matters.

8. Protected Matters and any information contained therein shall be used solely for the prosecution of this litigation or a Related Lawsuit. Protected matters and any information contained therein shall not be used as a basis for filing a new

5

complaint or a new claim for a patent infringement against the producing party. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorney's Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 7(a) and 7(c) through (e) above. Information designated as "For Counsel Only" (or "Attorney's Eyes Only") may be disclosed to one house counsel for the party. But in no circumstance will information designated as "For Counsel Only" (or "Attorney's Eyes Only") be disclosed to David Pridham of IP Navigation Group, LLC or others similarly situated with respect to business operations of Erich Spangenberg (or entities within his direct or indirect control or influence), irrespective of their capacity under paragraphs 7 and 8 above.

9. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. If a party objects to the disclosure of Protected Matters to an independent expert described in Paragraph 7(e), above, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection. Such objections shall not be unreasonably made. Service of the objections shall be made by personal delivery, facsimile, or by overnight delivery, and received within five (5) business days after the date of receipt of the identification of the independent expert. The parties shall meet and confer in good faith to resolve the disagreement. If the parties cannot agree on disclosure of Protected Matters to the

proposed independent expert, the objecting party shall have an additional five (5) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed independent expert. On any such motion, the objecting party shall have the burden of proof. No disclosure of Protected Matters may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

11. To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein.

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

14. The party or parties receiving Protected Matters shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matters or any information contained herein.

15. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court remains and shall have continuing jurisdiction over the parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of this litigation.

16. Upon final termination of the last to terminate of either this litigation or a Related Lawsuit, by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Matters shall return the Protected Matters and all copies thereof to the counsel for the party or parties disclosing or producing the Protected Matters.

17. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. Notwithstanding any other provisions of this Protective Order, under no circumstances shall any Protected Matters or any information contained therein be disclosed to any person who is involved in the preparation or prosecution of any patent applications which claim priority, in whole or part, from U.S. Patent Nos. 5,367,627 and 5,615,342, and any continuations, continuations in part, reissues, reexaminations, or divisionals that derive from either of U.S. Patent Nos. 5,367,627 or 5,615,342.

19. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order. Thus, any non-party

8

requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

20. No person employed by, related to, or representing Plaintiffs, who has obtained access to a producing party's "Confidential" or "Confidential Attorney's Eyes Only" information or items shall, during this litigation and for a period up to two (2) years following the entry of a final non-appealable judgment or the complete settlement of all claims against all parties in this action, participate, advise, or in any way assist, in the acquisition of patents (including patent applications or inventions in any form), or the rights to any such patents or patent applications with the right to sublicense ("Patent Rights"), and the assertion of a claim for infringement of such Patent Rights against any Defendant named herein. The limitation applies only to Patent Rights that are directly related to the producing party's technical information disclosed in response to discovery obligations in this case in the "Confidential" or "Confidential Attorney's Eyes Only" material produced by the Defendant, and such limitation is only applicable to bar the acquisition of patents and assertion of Patent Rights against the Defendant that produced the Protected Matters in question.

21. The Court anticipates and encourages counsel for the various Defendants to cooperate in matters of common interest and joint defense (the "Common Interest Matters") such as, but not limited to, the taking of certain discovery, the engagement of experts, and the submission of certain pleadings and other papers. To encourage unfettered communications and exchanges of documents and

information among the Defendants concerning the Common Interest Matters, and to acknowledge the privileged nature of communications and exchanges, it is ORDERED that all communications and documents involving the Common Interest Matters from August 11, 2004 forward which otherwise would be privileged and exempt from discovery or other court-ordered disclosure, shall not lose such privilege and exemption merely because such was communicated or exchanged among the Defendants to this litigation, or among these Defendants and the defendants in any other Related Lawsuits. Accordingly, there shall be no waiver of privilege due to such communications or exchanges of Common Interest Matters, or due to the disclosure or submission of documents, pleadings or other information in connection with this litigation or the Related Lawsuits involving matters of common interest or joint defense. Plaintiff agrees not to contest the privileged nature, or seek production, disclosure, or testimony of, any such communications or exchanges of Common Interest Matters.

22. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information used therein shall be filed under seal with the Court.

23. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation which have

been designated, in whole or in part as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information by a party to this action.

24. Nothing in this Order shall preclude any party to this litigation or a Related Lawsuit or their attorneys from (1) showing a document(s) designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action, or; (2) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only").

25. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the producing party. This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable law.

26. Drafts of expert reports and declaration, and notes created by or for an expert in connection with the preparation of his/her expert report or declaration shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes and such reliance is made explicit in the expert's report, declaration,

or testimony. Written communications between a party's attorney and such party's testifying expert will not be discoverable and need not be preserved unless the expert relies upon such communications and such reliance is made explicit in the expert's report, declaration or testimony. The parties may inquire at deposition and trial into communications between a party's attorney and such party's testifying expert work product materials, including communications generated in connection with non-testifying experts and consultants need not be logged on a privilege log and shall not be discoverable absent an order from the Court.

27. The Court anticipates and encourages the parties to file a motion to modify the terms thereof with respect to the sharing of Protected Matters with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

**So ORDERED and SIGNED this 11th day of May, 2009.**

———————————————
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation, | § § § | |
| *Plaintiff/Counterdefendant*, | § § | CIVIL ACTION NO. 6:08-cv-302-LED |
| v. | § § | JURY DEMANDED |
| CLEAR WITH COMPUTERS, LLC A Texas Limited Liability Corporation, f/k/a ORION IP, LLC, | § § § § | |
| *Defendant/Counterplaintiff* | § | |

**AGREEMENT OF CONFIDENTIALITY**

I certify that I have read the Stipulated Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I consent to the personal jurisdiction of the United States District Court, Eastern District of Texas, for any proceeding involving the enforcement of that Order.

_____
Signature

_____
Name

_____
Affiliation

_____
Date